UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JOSEPH BLAKE,

                              Plaintiff,

          v.                                                           9:18-CV-1008
                                                                            (DNH/CFH)

M. PORLIER, Correction Officer,
Great Meadow Correctional Facility,
S. SHATTUCK, Correction Sergeant,
Great Meadow Correctional Facility,
and C. MILLER, Superintendent, Great
Meadow Correctional Facility,

                              Defendants.

---

APPEARANCES:

JOSEPH BLAKE
04-B-3582
Plaintiff, pro se
Attica Correctional Facility
Box 149
Attica, NY 14011

DAVID N. HURD
United States District Judge

## DECISION AND ORDER

## I. INTRODUCTION

    Pro se plaintiff Joseph Blake ("Blake" or "plaintiff") commenced this action by filing a complaint pursuant to 42 U.S.C. § 1983 ("Section 1983"), together with an application to proceed in forma pauperis ("IFP") and a motion for appointment of counsel. Dkt. No. 1

("Compl."); Dkt. No. 8 ("IFP Application");[1] Dkt. No. 4 ("Motion for Counsel").

By Decision and Order filed October 30, 2018, Blake's IFP Application was granted and, upon review of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), plaintiff's (1) Eighth Amendment excessive force claim against defendant Porlier was dismissed based on the nature of plaintiff's request for relief; and (2) remaining claims were dismissed for failure to state a claim upon which relief may be granted. *See* Dkt. No. 10 (the "October 2018 Order").[2] In lieu of outright dismissal, the October 2018 Order permitted plaintiff an opportunity to file an amended complaint.

Blake has taken advantage of this opportunity and filed an amended pleading. Dkt. No. 11 ("Am. Compl."). Accordingly, the sufficiency of the allegations in plaintiff's amended complaint must be considered in light of 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b).

## II. DISCUSSION

Blake's amended complaint names only M. Porlier as a defendant. *See* Am. Compl. at 1-3. Plaintiff has withdrawn his claims against the other individuals previously named as defendants. *See generally* Am. Compl.

The factual assertions set forth in the amended complaint are almost identical in content to those set forth in the original complaint, except that Blake now alleges that "6 or 7 other CO's . . . witnessed the incident [involving defendant Porlier,]" and defendant Porlier

---

[1] Plaintiff's initial application to proceed IFP was denied as incomplete and the action was administratively closed. Dkt. No. 5. Thereafter, plaintiff properly re-filed his IFP Application, and this action was re-opened. Dkt. Nos. 8, 9.

[2] The Court also denied plaintiff's motion for counsel as moot based on the preliminary dismissal of the complaint. *See* October 2018 Order at 15.

2

"lied on incident and misbehavior reports that [plaintiff] attacked him[.]" *Compare* Compl. *with* Am. Compl.

Based on these allegations, Blake's amended complaint asserts the following claims: (1) an Eighth Amendment medical indifference claim against defendant Porlier; (2) a First Amendment retaliation claim against defendant Porlier; (3) a falsification of records claim against defendant Porlier; and (4) an Eighth Amendment excessive force claim against defendant Porlier. *See* Am. Compl. at 6. Plaintiff also now requests monetary relief. *Id*.

As set forth in the October 2018 Order, the allegations in the original complaint were insufficient to state (1) an Eighth Amendment medical indifference claim against defendant Porlier, or (2) a First Amendment retaliation claim against defendant Porlier.

Although the dismissal of these two claims was without prejudice, Blake has presented no new facts whatsoever to plausibly suggest a medical indifference claim or a retaliation claim against defendant Porlier. As a result, to the extent plaintiff has re-asserted these claims against defendant Porlier, they are still subject to dismissal for the reasons set forth in the October 2018 Order.

In addition, "[i]t is well-established that standing alone, the mere allegation that a false misbehavior report has been filed against an inmate does not give rise to a cognizable constitutional claim." *Read v. Calabrese*, No. 9:11-CV-459 (GLS/DEP), 2013 WL 5506344, at *15 (N.D.N.Y. Aug. 29, 2013) (citing *Boddie v. Schnieder*, 105 F.3d 857, 862 (2d Cir. 1997); *Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir. 1986)).

For this reason, and for the same reasons that Blake's falsification of records claim against defendant Shattuck was dismissed in the October 2018 Order, plaintiff's claim against defendant Porlier based on his alleged falsification of records and creation of a false

misbehavior report is dismissed.  *See* October 2018 Order at 10-11.

However, in light of the October 2018 Order, and mindful of the requirement to liberally construe pro se pleadings, *see, e.g., Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008), a response to Blake's <u>excessive force claim</u> is warranted from defendant Porlier.

## III. CONCLUSION

Therefore, it is

ORDERED that

1. Plaintiff's amended complaint (Dkt. No. 11), as modified, is **ACCEPTED** for filing and is the operative pleading in this action;

2. Plaintiff's excessive force claim against defendant Porlier **SURVIVES** sua sponte review and requires a response;

3. Plaintiff's remaining claims are **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted;[3]

4. Upon receipt from plaintiff of the documents required for service of process, the Clerk shall issue a summons and forward it, along with a copy of the amended complaint, to the United States Marshal for service on defendant Porlier, together with a copy of this Order.[4]  The Clerk shall also forward a copy of the summons and amended complaint by mail

---

[3] Generally, when a district court dismisses a *pro se* action *sua sponte*, the plaintiff will be allowed to amend his action.  *See Gomez v. USAA Fed. Savings Bank*, 171 F.3d 794, 796 (2d Cir. 1999).  However, an opportunity to amend is not required where the plaintiff has already been afforded the opportunity to amend.  *See Shuler v. Brown*, No. 9:07-CV-0937 (TJM/GHL), 2009 WL 790973, at *5 & n.25 (N.D.N.Y. March 23, 2009) ("Of course, an opportunity to amend is not required where the plaintiff has already amended his complaint.").

[4] The Court previously granted plaintiff leave to proceed with this action *in forma pauperis*.  *See* October 2018 Order.

4

to the New York State Attorney General's Office, together with a copy of this Decision and Order;

5. A response to plaintiff's amended complaint be filed by defendant Porlier as provided for in the Federal Rules of Civil Procedure;

6. All pleadings, motions and other documents relating to this action be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367;

7. Plaintiff must comply with any requests by the Clerk's Office for any documents that are necessary to maintain this action;

8. All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions;

9. All motions will be decided on submitted papers without oral argument unless otherwise ordered by the Court;

10. **Plaintiff is also required to promptly notify, in writing, the Clerk's Office and all parties or their counsel of any change in plaintiff's address; his failure to do so may result in the dismissal of this action**; and

11. The Clerk shall serve a copy of this Decision and Order on plaintiff.

IT IS SO ORDERED.

Dated: December 19, 2018
      Utica, New York.

_____
United States District Judge