**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

JOSEPH BLAKE,

                Plaintiff,          No. 9:18-CV-1008
v.                                       (DNH/CFH)

M. PORLIER,

                Defendant.

---

**APPEARANCES:**            **OF COUNSEL:**

Joseph Blake
04-B-3582
Attica Correctional Facility
Box 149
Attica, New York 14011
Plaintiff pro se

Attorney General for the          ERIK BOULE PINSONNAULT, ESQ.
State of New York                   Assistant Attorney General
The Capitol
Albany, New York 12224
Attorney for Defendant

**CHRISTIAN F. HUMMEL**
**U.S. MAGISTRATE JUDGE**

**REPORT-RECOMMENDATION AND ORDER**

      Plaintiff pro se Joseph Blake, an inmate in the custody of the New York Department of Corrections and Community ("DOCCS") Supervision, commenced this action while incarcerated at Great Meadow Correctional Facility ("Great Meadow") by filing a complaint pursuant to 42 U.S.C. § 1983 ("Section 1983"). Dkt. No. 11 ("Am. Compl."). Plaintiff alleges that defendant corrections officer ("C.O.") M. Porlier violated

1

his Eighth Amendment rights. See id. Presently pending before the court is defendant's motion for summary judgement pursuant to Rule 56 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). Dkt No. 23-1. For the following reasons, it is recommended that defendant's motion be granted.

## I. Background

### A. Plaintiff's Recitation of the Facts

Plaintiff alleges that while incarcerated at Great Meadow, C.O. Porlier subjected him to excessive physical force. Am. Compl. at 4-5. In his opposition papers, plaintiff further alleges that he filed a grievance pertaining to C.O. Porlier's use of excessive physical force through the Department of Corrections. See Dkt. No. 26 ("Pl. Opp.") at 1. Plaintiff contends that DOCCS removed his grievance and all copies of it and is "simply pretend[ing] that they never received [it]." Id. Plaintiff further alleges a history of DOCCS "going in [inmates] pack-up bag[s]" and "remov[ing] all traces" of grievances. Id. Plaintiff refers to the alleged removal of his grievance documents by contending that DOCCS "got rid" of his grievance documents so the department could "turn around and claim [he] never [filed a grievance]." Id.

### B. Defendant's Recitation of the Facts

In support of this motion for summary judgment, defendant filed a Statement of Material Facts.[1] Dkt. No. 23-4. Throughout plaintiff's incarceration at Great Meadow,

---

[1] Local Rule 7.1(a)(3) states:

Summary Judgment Motions

2

he had access to the Inmate Grievance Program ("IGP"), an inmate grievance process, as well as the Central Office Review Committee ("CORC"), the final appellate level that can be used to appeal facility-level grievance determinations.  See id. ¶ 3.  Inmates at Great Meadow receive instruction on how to file and appeal grievances through the IGP and receive a handbook with this information.  See id. ¶ 4.  Grievances are preserved within the CORC database for the current year, plus the previous four calendar years.  Dkt. No. 23-2 at ¶ 7.

Plaintiff previously used the IGP to file grievances, however, plaintiff allegedly failed to file a grievance and an appeal for the excessive force claim that serves as the basis of his action.  See Dkt. No. 23-1 at 8; Dkt. No. 23-2 ¶ 12; Dkt. No. 23-4 ¶ 7, 8.  Plaintiff also allegedly did not file a late grievance regarding his excessive force claim nor an appeal to CORC about the incident.  See Dkt. No. 23-1 at 8-9; Dkt. No. 23-2 ¶ 8.  Therefore, defendant contends that plaintiff did not exhaust his administrative remedies with respect to his Eighth Amendment claim.  Dkt. No. 23-1 at 11.

---

Any motion for summary judgment shall contain a Statement of Material Facts.  The Statement of Material Facts shall set forth, in numbered paragraphs, each material fact about which the moving party contends there exists no genuine issue.  Each fact listed shall set forth a specific citation to the record where the fact is established.  The record for purposes of the statement of material facts includes the pleadings, depositions, answers to the interrogatories, admissions and affidavits.

The opposing party shall file a response to the Statement of Material Facts.  The non-movant's response shall mirror the movant's Statement of Material Facts by admitting and/or denying each of the movant's assertions in matching numbered paragraphs.  Each denial shall set forth a specific citation to the record where the factual issue arises.  The non-movant's response may also set forth any additional material facts that the non-movant contends are in dispute.  Any facts set forth in the Statement of Material Facts shall be deemed admitted unless specifically controverted by the opposing party.

N.D.N.Y. L.R. 7.1(a)(3)

## II. Discussion

Defendants move for summary judgment on the basis that plaintiff failed to exhaust his administrative remedies before bringing this action. Dkt. No. 23-1. In the event that the action survives, defendant requests a stay of time to answer the amended complaint until fourteen days after the issuance of a final determination. Dkt. No. 23-1 at 3. If the amended complaint is not dismissed in its entirety, defendant requests an evidentiary hearing on the issue of exhaustion. Id. at 3. Plaintiff opposes defendant's motion for summary judgment. Dkt. No. 27.

### 1. Motion for Summary Judgement

"[A] court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The moving party has the burden to show the absence of disputed material facts by providing the court with portions of "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any" which support the motion. Celotex v. Catrett, 477 U.S. 317, 323 (1986). A fact is material if it may affect the outcome of the case as determined by substantive law, such that "a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "In determining whether summary judgement is appropriate, [the Court will] resolve all ambiguities and draw all reasonable inferences against the moving party." Skubel v. Fuoroli, 113 F.3d 330, 334 (2d Cir. 1997).

To avoid summary judgment, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Carey v. Crescenzi, 923 F.2d 18, 19 (2d Cir 1991) (quoting Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986)).  A non-moving party must support such assertions by evidence showing the existence of a genuine issue of material fact. See id.  There is no genuine issue of material fact such that a grant of summary judgment is proper when "no rational jury could find in favor of the non-moving party because the evidence to support its case is so slight . . . ." Gallo v. Prudential Services, Ltd. P'ship, 22 F.3d 1219, 1224 (2d Cir. 1994).  Additionally, "[c]onclusory allegations, conjecture, and speculation . . . are insufficient to create a genuine issue of fact." Thomas v. Kinderman, No. 9:17-CV-00425 (DNH/TWD), 2017 WL 8293605, at *1 (N.D.N.Y. December 4, 2017) (quoting Kerzer v. Kingly Mfg., 156 F.3d 396, 400 (2d Cir. 1998)).  The Second Circuit has stated that on summary judgment motions "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could *reasonably* find for the plaintiff." Jeffreys v. City of New York, 426 F.3d 549, 554 (2d Cir. 2005) (emphasis in original) (quoting Anderson, 477 U.S. at 252).

An allegation in an affidavit or verified complaint must not be "conclusory or overly general" in order to give rise to a "factual issue." See Bishop v. Presser, No. 9:16-CV-1329 (MAD/ATB), 2018 WL 7917915, at *2 (N.D.N.Y. Dec. 28, 2018) (quoting Smith v. Woods, 9:03-CV-480 (DNH/GHL), 2006 WL 1133247, at *3 & n.10 (N.D.N.Y. Apr. 24, 2006)).  Despite containing specific assertions, allegations in an affidavit may still be considered conclusory if they are "(1) 'largely unsubstantiated by any other direct

5

evidence' and (2) 'so replete with inconsistencies and improbabilities that no reasonable juror would undertake the suspension of disbelief necessary to credit the allegations made in the complaint.'" Smith, 2006 WL 1133247, at *3 & n.11 (quoting Jeffreys v. City of New York, 426 F.3d 549, 554-55 (2d Cir. 2005)).

Where summary judgement is sought against a pro se litigant, the non-movant must be afforded "special solicitude" by the court. See Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477 (2d Cir. 2006). To afford a pro se litigant special solicitude means that

> a pro se litigant's submissions must be construed "liberally," . . . and that such submissions must be read to raise the strongest arguments that they "suggest," . . . . At the same time, our cases have also indicated that we cannot read into pro se submissions claims that are not "consistent" with the pro se litigants allegations, . . . or arguments that the submissions themselves do not "suggest," . . . that we should not "excuse frivolous or vexatious filings by pro se litigants," . . . and that pro se status "does not exempt a party from compliance with relevant rules of procedural and substantive law . . . .

Id. (citations and footnotes omitted); see also Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191-92 (2d Cir. 2008). "The latitude accorded a pro se litigant does not 'relieve him of the obligation to respond to a motion for summary judgement with sufficient admissible evidence.'" Jackson v. Yando, No. 9:13-CV-01279, 2016 WL 11478235, at *4 (N.D.N.Y. Jan. 19, 2016) (quoting Hamlett v. Srivastava, 496 F. Supp. 2d 325, 328 (S.D.N.Y. 2007) (citing Jorgensen v. Epic/Sony Records, 351 F.3d 46, 50 (2d Cir. 2003))). Additionally, a pro se plaintiff's "'bald assertion,' unsupported by evidence, is not sufficient to overcome a motion for summary judgment." Cole v. Artuz,

6

No. 93 Civ. 5981(WHP)(JCF), 1999 WL 983876, at *3 (S.D.N.Y. Oct. 28, 1999) (citing Carey v. Crescenzi, 923 F.2d 18, 21 (2d Cir. 1991)).

### 2. N.D.N.Y Local Rule 7.1(a)(3)

Local Rule 7.1(a)(3) requires a party moving for summary judgement to file and serve a Statement of Material Facts. See N.D.N.Y. L.R. 7.1(a)(3). "The Statement of Material Facts shall set forth, in numbered paragraphs, each material fact about which the moving party contends there exists no genuine issue." Id. The opposing party is required to file a response to the Statement of Material Facts "admitting and/or denying each of the movant's assertions in matching numbered paragraphs." Id. "The Court shall deem admitted any properly supported facts set forth in the Statement of Material facts that the opposing party does not specifically controvert." Id. (emphasis omitted).

In accordance with N.D.N.Y. L.R. 7.1, defendant filed a statement of material facts. N.D.N.Y.L.R.7.1(a)(3); Dkt. No. 23-4. Plaintiff was notified of the proper procedural method to provide a response; however, in his response, plaintiff did not "admit or [deny] each of the defendant's assertions in matching numbered paragraphs," nor did he "provide or cite to copies of record evidence." See Dkt. No. 24 at 2; Pl. Opp.; N.D.N.Y.L.R. 7.1.(a)(1), (2). When a party fails to respond to the movant's statement of material facts in the manner required by N.D.N.Y.L.R.7.1, the "facts in the movant's statement will be accepted as true (1) to the extent that they are supported by evidence in the record, and (2) the nonmovant, if proceeding pro se, has been specifically advised of the possible consequences of failing to respond to the motion." Jackson, 2016 WL 11478235, at *5 (citing Champion v. Artuz, 76 F.3d 483, 486 (2d Cir. 1996)).

7

The undersigned is not required to "perform an independent review of the record to find proof of a factual dispute." Prestopnik v. Whelan, 253 F. Supp. 2d 369, 371 (N.D.N.Y. 2003) (concluding that the "plaintiff's suggestion that the transcript and videotape of the [incident] be reviewed to identify support for her Statement of Material Facts Not in Dispute does not cure her failure to comply with Rule 7.1(a)(3)."). However, in deference to a plaintiff's pro se status, the Court will conduct an independent review of the record, and "treat [plaintiff's] opposition as a response to Defendant's Rule 7.1 Statement, carefully reviewing it for any record-supported disputation of Defendant's Rule 7.1 Statement." Johnson v. Lew, No. 1:13-CV-1072 (GTS/CFH), 2017 WL 3822047, at *2 (N.D.N.Y. Aug. 30, 2017); see Perry v. Ogdensburg Corr. Facility, No. 9:10-CV-1033 (LEK/TWD), 2016 WL 3004658, at *1 (N.D.N.Y. May 24, 2016) (determining that "although [p]laintiff failed to respond to the statement of material facts filed by [d]efendants as required under Local Rule 7.1(a)(3), the Court would invoke its discretion to review the entire record when evaluating the parties' respective Motions for summary judgement."). Therefore, in deference to plaintiff's status, the undersigned will accept plaintiff's response in opposition to defendant's Motion for Summary Judgment. See Johnson, 2017 WL 3822047, at *2.

### B. Exhaustion of Administrative Remedies

Pursuant to the Prisoner Litigation Reform Act ("PLRA"), a prisoner is required to exhaust any administrative remedies available to him before bringing an action for claims arising out of his or her incarceration. See Porter v. Nussle, 534 U.S. 516, 524 (2002); see also Woodford v. Ngo, 548 U.S. 81, 82 (2006). This exhaustion

requirement applies to "all inmate suits about prison life whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter, 534 U.S. at 532.  A prisoner is required to exhaust all their claims even when the relief they seek is not available in the administrative grievance process. See id. (quoting Porter, 534 U.S. at 524).  To exhaust administrative remedies, the inmate must complete the full administrative review process set forth in the rules applicable to the correctional facility where he or she is incarcerated.  See Jones v. Bock, 549 U.S. 199, 218 (2007) (internal citation omitted).

The Supreme Court has deemed exhaustion mandatory, however, the Second Circuit has recognized that "certain caveats apply." Ruggiero v. Cty. of Orange, 467 F.3d 170, 175 (2d Cir. 2006) (citation omitted).  Until recently, courts in this District followed a three-part test established by the Second Circuit in Hemphill v. New York, 380 F.3d 680, 686 (2d Cir. 2004).  Under the Hemphill test, a plaintiff's failure to exhaust could be excused if he or she established that his or her failure to exhaust was justified by "special circumstances." Id.  As explained by the Supreme Court, "[c]ourts may not engraft an unwritten 'special circumstances' exception onto the PLRA's exhaustion requirement." Ross v. Blake, __U.S.__, 136 S. Ct. 1850, 1862 (2016).  Despite there no longer being a "special circumstances" exception to mandatory exhaustion under the PLRA, courts must still consider a textual exemption. See id. at 1858.  There are three circumstances the Supreme Court has identified where administrative remedies may be unavailable to a prisoner. See id. at 1959-60.  ". . . [A]n administrative procedure is unavailable when (despite what regulations or guidance materials may promise) it operates as a simple dead end – with officers unable or consistently unwilling to provide

any relief to aggrieved inmates." Id. at 1859 (citing Booth v. Churner, 532 U.S. 731, 736, 738 (2001)). "Next, an administrative scheme might be so opaque that it becomes, practically speaking, incapable of use." Id. Lastly, administrative remedies are unavailable when "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." Id. at 1860.

A claim that is dismissed for failure to exhaust administrative remedies will be dismissed without prejudice if "the time period for pursuing administrative remedies has not expired." Thomas v. Kinderman, No. 9:17-CV-00425 (DNH/TWD), 2017 WL 8293605, at *6 (N.D.N.Y. Dec. 4, 2017) (citing Berry v. Kerik, 366 F.3d 85, 86-87 (2d Cir. 2004)). If the time for pursuing a remedy has expired, the claim will be dismissed with prejudice, as "any attempt to exhaust would be futile." Id.

### 1. Did Plaintiff Exhaust his Remedies?[2]

In affording plaintiff discretion and reviewing the record in its entirety, the record contains no evidence in support of plaintiff's allegation that he had copies of grievance paperwork. Plaintiff alleges that removing grievance forms is a "tactic that the

---

[2] **Error! Main Document Only.** First, the inmate must file a complaint with an inmate grievance program ("IGP") clerk within twenty-one days of the alleged incident. Id. at § 701.5(a)(1). An IGP representative has sixteen calendar days to informally resolve the issue. Id. at § 701.5(b)(1). If no informal resolution occurs, the IGRC must hold a hearing within sixteen days of receipt of the grievance and must issue a written decision within two working days after the conclusion of the hearing. Id. §§ 701.5(b)(2)(i)-(ii). If the determination is unfavorable to the inmate, the inmate may appeal the IGRC's determination to the facility superintendent within seven calendar days of receipt of the determination. Id. § 701.5(c)(1). If the superintendent's determination is unfavorable, the inmate may appeal to CORC within seven days after receipt of the superintendent's determination. Id. §§ 701.5(d)(i)-(ii). When a grievance is filed on the basis of staff misconduct, it is sent directly to the superintendent, who must issue a decision within twenty-five days. Id. at § 701.8(f). CORC must "review each appeal, render a decision on the grievance, and transmit its decision to the facility, with reasons stated, for the [inmate], the grievance clerk, the superintendent, and any direct parties within thirty (30) calendar days from the time the appeal was received." Id. § 701.5(d)(3)(ii)

10

department has been doing for years," and "the department got rid of the first step so then could then turn around and claim [he] never followed the first step . . . ." Pl. Opp. at 1.  Courts within the Second Circuit have continuously held that "mere contentions or speculation of grievances being misplaced by officers do not create a genuine issue of material fact when there is no evidence to support the allegations." Rodriguez v. Cross, No. 15-CV-1079 (GTS/CFH), 2017 WL 2791063, at *7 (N.D.N.Y. May 9, 2017) (citing Khudan v. Lee, No. 12-CV-8147(RJS), 2016 WL 4735364, at *6 (S.D.N.Y. Sept. 8, 2016) (citations omitted) (holding that under Ross, mere stand alone contentions of mail tampering without support and particularity cannot deem administrative remedies unavailable); Veloz v. New York, 339 F. Supp. 2d 505, 516 (S.D.N.Y. 2004) (holding that summary judgment is proper where the plaintiff contends that officers misplaced his grievances, but offers no evidence to support his claim).  Plaintiff's conclusory allegations are unsupported by evidence in the record as he does not proffer copies of his alleged grievances.  As such, plaintiff's assertions that he failed to exhaust his administrative remedies due to tampering are insufficient to overcome defendant's motion for summary judgment.  See Veloz, 339 F. Supp. 2d at 516 (holding that summary judgement should be granted where plaintiff contends that officers misplaced his grievances, but does not provide evidence in support of his claim); Khudan, 2016 WL 4735364, at *2 (concluding that the plaintiff failed to show a genuine issue of material fact when he did not produce evidence other than his own declaration and deposition); see also Bolton v. City of New York, Nos. 13-CV-5749 (RJS), 13-CV-6090 (RJS), 2015 WL 1822008, at *2 (S.D.N.Y. Apr. 20, 2015) (holding that plaintiff's

allegations, which "[stood] alone and unsupported," did not excuse plaintiff from failing to exhaust his administrative remedies).

Even considering that plaintiff swore under penalty of perjury that he mailed a grievance within the allotted time frame, he did not provide any evidence to substantiate his allegations. See Pl. Opp. Therefore, plaintiff's unsupported allegations cannot give rise to an issue of material fact sufficient to defeat a motion for summary judgement. See Smith, 2006 WL 1133247, at *3 & n.11; see Jeffreys v. City of New York, 426 F.3d 549, 554-55 (2d Cir. 2005).

Next addressing plaintiff's allegation that DOCCS tampered with his grievance, courts have held that a plaintiff who alleges that corrections officers have misplaced or destroyed a particular grievance is not relieved of "the requirement to appeal these claims to the next level once it became clear to him that a response to his initial filing was not forthcoming." Veloz, 399 F. Supp. 2d at 516 (citing Martinez v. Williams, 186 F. Supp. 2d 353, 357 (S.D.N.Y. 2002)). Defendant produces evidence that the IGP has no record of the plaintiff filing a grievance or an appeal regarding his excessive force claim. See Dkt. No. 23-2 at 8, 9. Even assuming that plaintiff's allegations of mail tampering are true, he does not allege that he ever inquired about the status of his grievance or attempted to file an appeal with the Superintendent or CORC regarding the grievance at issue. See Pl. Opp. In fact, a review of the record in its entirety also provides no evidence that plaintiff ever filed an appeal. See Jackson, 2016 WL 11478235, at *5 (concluding that plaintiff had not met his burden of demonstrating a genuine issue of fact after a review of the record in its entirety produced "very little in the way of

12

admissible evidence."). Therefore, the undersigned concludes that plaintiff never filed a grievance appeal and thus failed to exhaust his remedies.

### 2. Availability of Administrative Remedies

The Court must next determine whether administrative remedies were available to the plaintiff. See Ross, 136 S. Ct. at 1858 ("An inmate . . . must exhaust available remedies, but need not exhaust unavailable ones"); Mena v. City of New York, No. 13-CV-2430 (RJS), 2016 WL 3948100, at *4 (S.D.N.Y. July 19, 2016) (citing Ross, 136 S. Ct. at 1862) ("[T]he lone surviving exception to the PLRA's exhaustion requirement is that embedded in its text: that an inmate need only exhaust those administrative remedies that are 'available' to him."). Under the second prong of Ross, administrative remedies may have been rendered unavailable to the plaintiff as a result of the regulatory scheme being so "opaque that it becomes, practically speaking, incapable of use." Ross, 136 S. Ct. at 1859. In Williams v. Correction Officer Priatno, the Second Circuit held that "regulations plainly do not describe a mechanism for appealing" an unfiled grievance. Williams v. Correction Officer Priatno, 829 F.3d 118, 126 (2d Cir. 2016). Thus, "the process to appeal an unfiled and unanswered grievance is prohibitively opaque, such that no inmate could actually make use of it." Id. The Williams Court held that a plaintiff in the Special Housing Unit ("SHU")[3] who personally handed his grievance to a corrections officer, had exhausted his administrative

---

[3] SHUs exist in all maximum and certain medium security facilities. The units "consist of single-occupancy cells grouped so as to provide separation from the general population . . . ." N.Y. COMP. CODES R. & REGS. tit. 7, § 300.2(b). Inmates are confined in a SHU as discipline, pending resolution of misconduct charges, for administrative or security reasons, or in other circumstances as required. Id. at pt. 301.

13

remedies despite his grievance never being delivered. Id. at 126. The plaintiff followed up when he did not receive a response to his grievance but was transferred one week later without being notified that his grievance had been resolved. Williams, 829 F.3d at 120-21. Courts have taken an inmate's housing and level of segregation from the general population into account when determining the availability of grievance procedures. See Rodriguez, 2017 WL 2791063 at *7 (citing Mena, 2016 WL 3948100 at *5). In Rodriguez v. Cross, the court held that a plaintiff in keeplock[4] was not entitled to an exhaustion exception when he alleged that his grievance had not been filed due to mail tampering, and subsequently never inquired about it. See Rodriguez, 2017 WL 2791063 at *7. Plaintiff makes no allegation that he was in restrictive housing at the time he allegedly completed his grievance, nor does he allege that he attempted to follow up when he did not receive a response to his grievance; therefore, plaintiff's failure to exhaust is not entitled to an exception. See Pl. Opp.; Rodriguez, 2017 WL 2791063 at *7; Williams, 829 F.3d at 121.

Additionally, plaintiff demonstrated that the grievance process was available to him when he successfully filed and appealed two grievances on February 2, 2009 and November 21, 2017.[5] See Dkt. No. 23-2 ¶ 12. Although plaintiff does not provide a date as to when he filed the alleged grievance in this matter, he contends that the incident occurred on January 15, 2016, while defendant contends that the incident occurred on January 15, 2017. Dkt 23-1 at 3; Dkt. No. 11 at 4. A timely grievance

---

[4] "Keeplock is a form of disciplinary confinement segregating an inmate from other inmates and depriving him of participation in normal prison activities." Green v. Bauvi, 46 F.3s 189, 192 (2d Cir. 1995); N.Y. Comp. Codes R. & Regs. tit. 7, § 301.6.
[5] Both the February 2009 and November 2017 grievances are unrelated to the cause of action before the Court. See Dkt. No. 23-2 ¶ 12.

14

would have needed to be filed within twenty-one calendar days of January 15, 2016 or January 15, 2017.  7 N.Y.C.R.R. 701.5(a)(1).  Considering that plaintiff's previous grievances were filed in February of 2009 and November of 2017, plaintiff availed himself of the grievance system both before and after a grievance regarding the incident at hand was due.  Dkt. No. 23-2 ¶ 12.  Therefore, plaintiff has failed to demonstrate that grievance procedures were unavailable to him.  See Rodriguez, 2017 WL 2791063 at *7 (". . . [A] grievance [that] was subsequently filed and not appealed within close proximity to [a previously filed] grievance, coupled with three unrelated grievances filed within the next year, demonstrates that plaintiff's situation does not rise to the level where the grievance process is "opaque," unavailable, or unascertainable."); see Artis v. Dishaw, No. 9:14-CV-1116 (MAD/ATB), 2016 WL 11266599, n.13 (N.D.N.Y. Sept. 12, 2016) (finding in part that a plaintiff who claimed he was prevented from exhausting his remedies through threats and tampering was not excused because he subsequently filed five grievances, did not submit copies of his allegedly destroyed grievances, and did not specify when he attempted to file his grievances); see Hill v. Tisch, No. 02-CV-3901 (DRH/AYS), 2016 WL 6991171, at *7 (E.D.N.Y. Nov. 29, 2016) (finding that the plaintiff had not "demonstrate[d] that the [grievance] procedures were essentially unknowable").

  Because plaintiff successfully utilized the grievance system for unrelated issues, makes no allegation that he was in restrictive housing at the time he attempted to file the alleged grievance, and makes no indication that he attempted to follow up with his alleged grievance, the undersigned concludes that administrative remedies were

15

available to the plaintiff.  Plaintiff therefore does not qualify for an exception excusing him from completing the grievance process before bringing his claim.

As such, defendants have met their burden in showing that there is no genuine issue of material fact.  Accordingly, it is recommended that defendant's motion be granted.

### III. Conclusion

For the reasons stated above, it is hereby

**RECOMMENDED** that defendant's motion for summary judgment (Dkt. No. 23) be **GRANTED**; and it is further

**RECOMMENDED** that plaintiff Joseph Blake's amended complaint (Dkt. No. 11) be **DISMISSED** in its entirety, without prejudice; and it is

**ORDERED,** that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties in this action, pursuant to local rules.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.**  Roldan v. Racette, 984 F. 2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F. 2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

DATED:    October 4, 2019
              Albany, New York

*Christian F. Hummel*
Christian F. Hummel
U.S. Magistrate Judge